IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JERRY CARROLL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 05-1174-T/An |
| ) | |
| KOHLER COMPANY, ) | |
| ) | |
| Defendant. ) | |

ORDER GRANTING MOTION TO DISMISS

Plaintiff Jerry Carroll filed this action against his former employer, the Kohler Company, alleging that he was discharged for opposing unlawful practices. Plaintiff asserts causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 *et seq.* and the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304. Plaintiff also asserts causes of action under Tennessee law for intentional infliction of emotional distress, outrageous conduct and common law retaliatory discharge.

On August 10, 2005, the defendant filed a motion to dismiss plaintiff's claim of intentional infliction of emotional distress and outrageous conduct pursuant to Fed. R. Civ. P. 12(b)(6). In accordance with Local Rule 7.2(a)(2), a response to the motion to dismiss was due within thirty days; however, no response has been filed.

A motion to dismiss under Rule 12(b)(6) tests whether a claim has been adequately stated in the complaint. Rule 8(a) requires the pleader to set forth a short and plain statement of the claim showing an entitlement to relief. In evaluating a motion to dismiss under Rule 12(b)(6), all allegations in the complaint are taken as true and the complaint is construed liberally in favor of the party opposing the motion to dismiss. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). The complaint need only afford the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A motion to dismiss under Rule 12(b)(6) is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46)); Allard v. Weitzman (In re Delorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). A complaint should not be dismissed because it does not state all the elements giving rise to a legal basis of recovery or because plaintiff misconceived the proper theory or claim if plaintiff is entitled to relief under any theory. Myers v. United States, 636 F.2d 166, 169 (6th Cir. 1981); Thomas W. Garland, Inc. v. City of St. Louis, 596 F.2d 784 (8th Cir. 1979), *cert. denied*, 444 U.S. 899 (1979). However, legal conclusions or unwarranted factual inferences need not be accepted as true. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

In his complaint, plaintiff alleges that he reported to Jill Austin, Kohler's Director of

2

Human Resources, that Theresa Donnell, another Kohler employee, was being sexually harassed by her supervisor, George Rogers. Austin allegedly told plaintiff that if Donnell filed a sexual harassment lawsuit, he would have to testify for the company. Plaintiff replied that he would tell only what he knew, but that someone was going to get in trouble if it did not stop. Plaintiff further alleges that he was then fired in retaliation for reporting the harassment and for stating that he would tell the truth if called to testify. He alleges that this has caused him to suffer mentally, emotionally and physically.

The complaint purports to assert separate causes of action for outrageous conduct and intentional infliction of emotional distress. However, outrageous conduct and intentional infliction of emotional distress are not two separate torts. Rather, the state-of-mind element of the tort of outrageous conduct requires plaintiff to show that the conduct complained of was either intentional or reckless. See Doe ex rel. Doe v. Roman Catholic Diocese of Nashville, 154 S.W.3d 22 (Tenn. 2005). Specifically, under Tennessee law, the elements of a claim outrageous conduct/infliction of emotional distress are: (1) the conduct complained of must be intentional or reckless, (2) it must be so outrageous that it is not tolerated by a civilized society, and (3) it must result in serious mental injury. Id.; Lourcey v. Estate of Scarlett, 146 S.W.3d 48, 51 (Tenn. 2004).

The Tennessee courts have quoted approvingly from this passage in the Restatement (Second) of Torts, § 46 cmt. d:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress,

3

or even that his conduct is characterized by 'malice', or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly untolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous.'

See, e.g., Miller v. Willbanks, 8 S.W.3d 607, 614 (Tenn. 1999); Dunn v. Moto Photo, Inc., 828 S.W.2d 747, 751 (Tenn. Ct. App. 1991).

Even when the factual allegations in the complaint are taken as true, plaintiff's termination does not meet this very high standard. Plaintiff may ultimately prove that his termination was wrongful, but the type of conduct alleged cannot be characterized as "atrocious, and utterly intolerable in a civilized community."

Plaintiff has failed to state a claim for outrageous conduct/infliction of emotional distress. Therefore, the defendant's motion to dismiss this claim is GRANTED.

IT IS SO ORDERED.

_/s/ James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_3 October 2005_
DATE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 1:05-CV-01174 was distributed by fax, mail, or direct printing on October 4, 2005 to the parties listed.

---

David Hardee
HARDEE MARTIN DAUSTER & DONAHOE
P.O. Box 98
Jackson, TN 38302

W. Stephen Gardner
YOUNG & PERL, P.C.
One Commerce Square
Ste. 2380
Memphis, TN 38103

C. Mark Donahoe
HARDEE MARTIN DAUSTER & DONAHOE
P.O. Box 98
Jackson, TN 38302

Honorable James Todd
US DISTRICT COURT